**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Khalid Zubair

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID ZUBAIR,<br><br>Plaintiff,<br><br>v.<br><br>ZEE LAW GROUP,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//

**COMPLAINT FOR DAMAGES** — PAGE 1 OF 8

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. KHALID K. ZUBAIR ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of ZEE LAW GROUP ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

of that defendant named.

5. Plaintiff makes these allegations based on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges based on personal knowledge.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331; and, 15 U.S.C. § 1692k.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692(p).

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Pasadena, County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   (b) does substantial business within this district;

   (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

   (d) the harm to Plaintiff occurred within this district.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Pasadena, County of Los Angeles, State of California.

12. Defendant is a corporation incorporated under the laws of the State of California with an office located in the City of El Monte, County of Los Angeles, State of California.

13. Defendant is a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

16. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

17. At all times relevant, Defendant conducted business in the State of California.

18. Sometime prior to March 16, 2000, Plaintiff allegedly incurred financial obligations to a third party, First Select, Inc.

19. Sometime prior to March 16, 2000, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

//

20. On or about June 20, 2000, First Select, Inc. obtained a default judgment against Plaintiff. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed or whether he was ever properly served with notice of the underlying lawsuit filed on behalf of First Select, Inc.

21. These alleged financial obligations were an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

22. Sometime prior to May 16, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection and Defendant filed a renewal of the abovementioned judgment on or about May 16, 2008.

23. On or about June 18, 2009, Plaintiff through his then counsel filed a declaration in opposition to Defendant's motion for a writ of execution.

24. Subsequently, on July 1, 2009 the Court issued an order limiting Plaintiff's future earnings withholding to $223.00 per month.

25. Thereafter, Plaintiff began making monthly payments of $224.00 in an effort to satisfy the alleged debt.

26. Afterwards, Defendant began mailing letters to Plaintiff confirming receipt of payments, stating the alleged debt still owed, and asking for the subsequent month's payment.

27. On July 29, 2015, Defendant mailed such letter to Plaintiff in attempt to collect upon the alleged debt. In said letter, Defendant stated that "[Plaintiff's] next payment is due on/before August 25, 2015" and to "make sure [Plaintiff's] payments are received on time or [Plaintiff] will be charged a late fee of $25.00."

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

28. This letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

29. Through the abovementioned letter, Defendant is in violation of 15 U.S.C § 1692f(1) by attempting to charge or collect a $25.00 late fee from Plaintiff, which was an amount not owed and not authorized by any agreement.

30. Through this conduct of attempting to collect an alleged debt from Plaintiff using the false representation of any compensation which may be lawfully received, Defendant has violated 15 U.S.C. § 1692e(2)(B).

31. Through the abovementioned letter, Defendant threatened to take an action that cannot legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5) by stating a $25.00 fee would be charged for late payment and also waiving a $25.00 late fee in the same letter.

32. Through the abovementioned letter, Defendant is also in violation of 15 U.S.C § 1692e(11), by failing to include the proper notice that the communication was from a debt collector.

33. Through the abovementioned letter, by using unfair or unconscionable means to collect or attempt to collect any debt, Defendant is also in violation of 15 U.S.C. § 1692f.

34. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over Defendant's continued collection efforts.

35. Through the above-mentioned conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the FDCPA, 15 U.S.C. §§ 1692, et seq.

//

//

//

## CAUSE OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages as follows:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- any and all other relief that this Court deems just and proper.

//
//
//
//

## TRIAL BY JURY

39. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 28, 2016            Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:    s/ ABBAS KAZEROUNIAN
       ABBAS KAZEROUNIAN, ESQ.
       MONA AMINI, ESQ.
       ATTORNEYS FOR PLAINTIFF